IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID JOE KERNS, 243903, )<br>       Petitioner, )<br>)<br>v. )<br>)<br>WILLIAM STEPHENS, Director, Texas )<br>Dept. Of Criminal Justice, Correctional )<br>Institutions Division, )<br>       Respondent. ) | No. 3:13-CV-5014-B |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**Type of Case**

This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254. Petitioner is a state prisoner, currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Respondent is William Stephens, Director of the TDCJ-CID.

**Statement of the Case**

Petitioner was convicted of four counts of murder. *State of Texas v. David Joe Kerns*, Nos. C74-7844-IH, C74-7846-IH, C74-7845-IH and C74-7847-IH (Crim. Dist. Ct. No. 1, Dallas County, Tex. Nov. 15, 1974). He was sentenced to life in prison in each case.

On July, 21, 2005, Petitioner filed a federal § 2254 petition challenging his denial of release to parole or mandatory supervision. *See Kerns v. Quarterman*, No. 3:05-CV-1546-G

(N.D. Tex.). On August 30, 2006, the District Court dismissed the petition as without merit. On September 7, 2007, the Fifth Circuit Court of Appeals denied a certificate of appealability.

In this current petition, Petitioner does not challenge his conviction. Instead, he challenges the calculation and application of his good-time credits. He claims he has served 39 years and 8 months in flat-time, and has earned 71 years of good-time. He states he therefore has fully served a life sentence. He argues:

(1) His sentence was mischaracterized as a life sentence rather than a sentence of five years to life;

(2) His continued incarceration has denied him equal protection of the laws;

(3) TDCJ has violated the Ex Post Facto Clause by applying a 1977 good-time credit law to his 1974 sentence; and

(4) His continued confinement constitutes cruel and unusual punishment.

On March 10, 2013, Respondent filed his answer. On March 17, 2013, Petitioner filed a reply. The Court finds the petition should be transferred to the Fifth Circuit as successive.

## Discussion

Respondent argues the petition is second or successive, and therefore the Court lacks jurisdiction to consider the petition. "A petition is not second or successive merely because it follows an earlier federal application." *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). It is successive when it either presents a challenge to the petitioner's conviction or sentenced that could have been raised in an earlier petition, or when it is an "abuse of the writ." *Id*. at 836-37. To determine whether a petition is second or successive, the court analyzes whether the challenge

he presents in a second habeas petition occurred before petitioner filed his first habeas petition. *Propes v. Quarterman*, 573 F.3d 225, 229 (5th Cir. 2009).

In this case, Petitioner filed his first § 2254 on July 21, 2005. At that time, he knew or could have known with the exercise of due diligence, that he was serving a life sentence and that his good-time credits would not entitle him to release. The petition is therefore successive.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

**RECOMMENDATION:**

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be (1)

TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

     Signed this 10th day of September, 2014.

 

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**              -5-